DOWAGIAC MFG. CO. v. FOWLER et al.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1903.)

No. 1,746.

1. PATENTS—INFRINGEMENT—GRAIN DRILLS.
The Hoyt patent, No. 446,230, for an improvement in grain drills, is infringed by the drill made in accordance with the Denyes & Schutt patent, No. 672,596, which, while not employing the clamping plates of the Hoyt patent, in form substitutes an equivalent part for transmitting the pressure from the spring pressure rods to the drawbars.

Appeal from the Circuit Court of the United States for the District of North Dakota.

Fred L. Chappell, for appellant.
Charles M. Peck, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an action to restrain the infringement of letters patent No. 446,230, issued to Will F. Hoyt on February 10, 1891, being the same patent that was before this court for consideration at its last term in a case entitled "Dowagiac Manufacturing Company v. Minnesota Moline Plow Company," 118 Fed. 136. In that case the court was unanimous in holding that what was there termed the "McSherry old structure" (a cut of which appears on the adjoining page) was an infringement of the device described and covered by the patent issued to Hoyt (a cut whereof, including the clamping plates, PP', also appears on the opposite page). In the case formerly decided by this court the crucial question that was involved as respects the McSherry old structure was whether an infringement was avoided by dispensing in the latter device with the clamping plates, PP', which were described in the Hoyt specification. This court adopted, through comity, the view of the Circuit Court of Appeals for the Sixth Circuit in McSherry Manufacturing Company v. Dowagiac Manufacturing Company, 41 C. C. A. 627, 101 Fed. 716, that the drill covered by the Hoyt patent disclosed patentable novelty;

that the clamping plates, although described in the Hoyt patent and mentioned in the claims, really formed a section of what are termed in the patent the spring pressure rods, I I; that the plates might

*McSherry, Old Structure.*

HOYT DRILL. PAT. No. 446,230.

*Fig. 2*

CLAMPING PLATES. PP'.

have been omitted, and the ends of the spring rods, I I, pivoted directly to the bolt, e e, between the forward ends of the drawbars, the spring rods being provided with lugs to bear on the drawbars when the rods were bent downward; that the clamping plates as de-

scribed were really nonessential parts of the invention; that the omission of the same in the McSherry old structure did not avoid an infringement of the Hoyt patent, since a full equivalent of the clamping plates was found in the McSherry old structure, consisting of a wedge-plate provided with lugs to engage the drawbars when the spring rods which McSherry employed were pressed downward by means of the lever. 41 C. C. A. 631, 632, 101 Fed. 718.

The drill which forms the subject-matter of the present controversy, and is claimed to be an infringement of the Hoyt patent, differs somewhat in form from the McSherry old structure. A drawing of the drill and its various parts, which is claimed to be an infringement of the Hoyt patent, will be found on another page. It is manufactured under patent No. 672,596, issued to Denyes & Schutt on April 23, 1901. It will be observed that the patentee of this drill has dispensed with one of the two spring rods that are described in the Hoyt patent, using but one rod, J, the rear end of which is secured between parallel bars, E, which embrace the boot, D. The spring rod, J, extends forward to a point between the drawbars, C, to which the shoe, B, is attached, such point being at or near their forward ends, and is there bent over a block (L) which is interposed between the drawbars, and then extends downward and forward some little distance between the drawbars, and is again bent or wrapped around another block between the drawbars, marked O, so as to grasp it. The result of this arrangement is that when pressure is applied to the rear end of the spring rod, J, by the movement of the lever arm, F, pressure is cast by the spring rod upon the blocks, L and O, which serve as a fulcrum, and the shoe at the rear end of the draw bars is forced into the ground. The movement of the lever arm in the opposite direction has the effect of raising the shoe by means that are obvious. It is manifest, therefore, that the mechanism which is employed performs the same function as the mechanism in the Hoyt patent, and the question to be resolved is whether the means employed to accomplish the same are not substantially identical.

The elements of the combination covered by the first and second claims of the Hoyt patent, which are very similar, consist of the transporting wheels and frame of the drill, the hopper or boot, the shoe attached to the draft rods, the clamping plates, PP', the spring rods, the forked arm coupled to said rods, and means for raising and lowering the arm. The third claim describes the plates as having "shoulders bearing on the draft rods," but in other respects it corresponds with claims 1 and 2. The drill manufactured under the patent of Denyes & Schutt responds very plainly to the claims of the Hoyt patent, except as to the clamping plates. It has, of course, the transporting wheels and frame, the hopper or boot, the shoe, the draft rods, a spring pressure rod, a forked arm coupled to the spring-rod in front instead of behind the boot, which is immaterial, and means for raising and lowering the arm. It is true that the defendants construct their drill with one spring rod instead of two, making it apparently somewhat heavier than either of the two rods of the Hoyt drill, but this single rod is a plain equivalent for the two rods

in the other device and performs the same function in no other or better way. The substitution of one spring rod in place of two, no better or different results being obtained, will not exempt the device from the charge of infringement. Moreover, in view of the manner in which the single spring rod of the defendants' drill is bent around the upper block interposed between the drawbars, and thence downward and forward around the lower block, O, it is manifest that the same pressure is brought to bear on the drawbars in the one device as in the other by a lever action which does not differ essentially in the two devices. When a downward pressure is applied to the lower end of the spring rod, its forward end is drawn around the upper block, which is interposed between the drawbars, giving to the rod a pivotal

DENYES & SCHUTT DRILL AND VARIOUS PARTS THEREOF.

connection, since it is not rigidly attached to the block. Besides, the bolts connecting the two drawbars which support the two blocks last referred to are equivalent to the lugs or projecting shoulders of the clamping plates in the Hoyt structure, which engage the drawbars and transmit pressure thereto.

It is urged, however—and this is the principal contention on the part of the appellees—that the charge of infringement is not sustained, because the clamping plates, PP', of the Hoyt drill, are not found in the appellee's drill. Referring to this contention, we repeat, in substance, what has already been said, that this court decided in Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 118 Fed. 136, following in that respect the previous decision in the Sixth Circuit, that the clamping plates, in the form shown by the Hoyt specification, are not of the essence of the invention therein claimed; that the clamp-

ing plates, or the "swinging head," as they are termed in the second claim, having a pivotal connection with the draft rods, really form an extension of the spring rods, and are a part thereof, their sole function, besides connecting the spring rods pivotally with the draft rods by means of the bolt on which they are hung, being to transmit pressure to the draft rods by means of projecting shoulders which engage the draft rods; and that clamping plates were disclosed in substance, although not in form, in a structure then under consideration, having spring rods with lugs thereon to engage the drawbars, and also eyes in their forward ends by which they were pivotally and immediately connected with the drawbars by means of a bolt passing through the drawbars and said eyes. We feel constrained to adhere to that view, and, applying it to the case in hand, we are forced to conclude that the clamping plates, considering the functions which they were designed to perform, are also found in substance, although not in form, in the appellee's drill. The spring rod, as heretofore shown, is pivotally connected with the drawbars by means of the upper block between the draw bars over which it is bent, while the bolt which passes through the drawbars, and supports the lower interposed block, O, around which the end of the spring rod is hooked, serves to transmit pressure from the spring rod to the drawbars in substantially the same manner in which that end is accomplished by the Hoyt device. We are unable to discover that Denyes & Schutt improved the Hoyt drill to any appreciable extent. They made some slight and seemingly colorable changes in the mechanism by which pressure at the rear end of the long flexible spring rods was transmitted to the draft rods at or near their forward ends, but they made no change in the principle of operation or substantial change in the mode of operation, nor did they simplify the device, or attain any better result. Upon the whole, therefore, following our previous decision, we conclude that the decree below must be reversed, with directions to enter a decree for the complainants below, for an injunction, and an accounting in the usual form.

It is so ordered.