DOWAGIAC·MFG. CO. v. MINNESOTA MOLINE PLOW CO. et al.

(Circuit Court, D. Minnesota, Fourth Division.    August 4, 1903.)

1. INJUNCTION—VIOLATION AND PUNISHMENT—MANDATE DIRECTING INJUNCTION.
    A defendant in a suit for infringement of a patent, who had given bond to respond in damages should complainant recover, cannot be charged with criminal liability for contempt of court for offering to sell the infringing article after a mandate has been issued from the appellate court directing a decree enjoining further sales, where such decree has not been entered, and it is not shown that defendant had actual notice that an injunction was directed.    So far as civil rights or liability are concerned, a party is charged with knowledge of all orders and proceedings in a cause; but he cannot be charged criminally on a presumption, and in such case defendant might reasonably suppose that the obligation of his bond continued until final decree was entered.

2. SAME—DAMAGES FOR VIOLATION—PROCEEDINGS FOR CONTEMPT.
    Damages sustained by one party by reason of acts of the other, claimed to have been in violation of an injunction, cannot be recovered by proceedings for contempt.

3. SAME—ACTS CONSTITUTING VIOLATION.
    The issuance of circulars by a defendant advertising for sale articles which have been adjudged infringements of complainant's patent, and against the sale of which an injunction had been ordered, does not in itself constitute a breach of the injunction.

In Equity.    On petition to have defendants attached and punished for contempt of court.

See 124 Fed. 735.

Fred L. Chappell, for complainant.
Ephraim Banning, for defendants.

LOCHREN, District Judge (orally).    ·In the decree that was entered on the 4th of January, 1902, this court held that the first structure was an infringement of the patent of the complainant issued to Hoyt.  · It held also that the patent was valid, and ordered an injunction and an accounting of profits and damages.    With relation to the second structure it was held that there was not an infringement, and in respect to that the bill was dismissed.    Both parties appealed, as I remember it.    A bond had been given at an earlier stage of the case as an alternative where a temporary injunction had been asked for to secure the complainant in the recovery in the profits and damages which it should ultimately show itself entitled to.    I suppose the effect of this appeal was as a supersedeas with respect to the decree, and that the bond is still operative.    I think that the injunction was superseded by the appeal, the injunction ordered by the decree, and that the bond still continues in case defendant should manufacture and sell the structure which it was enjoined from doing by the terms of the decree.

The result of the appeals was a decision on the 1st of September, 1902 (118 Fed. 136, 55 C. C. A. 86), affirming the decree, except in respect to the second structure, which was held by the Court of Appeals also to be an infringement of complainant's device, and the decree was directed to be modified in that respect.    The mandate

¶ 2. See Injunction, vol. 27, Cent. Dig. § 524.

was sent down later and filed, but no decree in conformity with that mandate has been entered until to-day. The effect of that modification is to require a decree which shall enjoin the defendant from manufacturing the second structure as well as the first. The complainant was entitled to have entered that decree immediately, and to have an injunction issued and served upon the defendant restraining it from manufacturing and selling that second structure. The rule is undoubtedly that, where an injunction has been ordered (and that was the effect of the decision of the Circuit Court of Appeals), a party knowing that order, who should deliberately violate the injunction that had been ordered, although not yet issued, would be guilty of contempt of court; otherwise an order of court might be violated before there would be opportunity to make the formal decree or order and have the proper papers served on the party intended to be enjoined. But, in order to convict a person of contempt under circumstances of that kind, it must be shown clearly that he had knowledge of the order for the injunction in such a way that it can be held that he understood it, and with that knowledge committed a willful violation of the order. In this case the only evidence as to knowledge on part of the parties who are here complained of rests in the correspondence between Mr. Barber and Mr. Chappell as to the result of the hearing at St. Louis, and the circular which was afterward sent out from the office of the complainant. It seems to me that the correspondence referred to cannot be held to certainly have the effect of notifying Mr. Barber that the defendant was enjoined from the sale of that second structure. Nothing was stated in that correspondence referring to the injunction at all. All that was stated was that the Court of Appeals had held that the second structure was an infringement of the Hoyt patent; and, without being notified of the effect of that decision, or as to any order for an injunction, it does not seem to me entirely clear that the defendant may not have supposed that its liability on the bond was still continuing until the decree was finally entered, and that until that time it would have to respond upon that bond. I do not think it is sufficiently clear to warrant punishment for criminal contempt that this party intentionally and knowingly set at naught the order of the Court of Appeals, which it may not have understood as having the effect of ordering an injunction. That should appear clearly in order to warrant punishment. It is true in a civil case parties to a suit are held to the obligation of taking notice of all orders and judgments in the case, and their civil liabilities will rest upon their duty of taking such notice; but I do not think they can be convicted criminally upon any presumption of that kind. It must be shown, in order to convict them, that they had actual knowledge, and that there was an intentional violation of the order for an injunction. I think they have failed to make such showing in this case; and it seems to me that the complainant has not proceeded with the promptness that it might have proceeded with after the decision in having a formal decree entered, and the injunction served, if need be, if it was desired to absolutely stop the defendant from proceeding further.

The complainant does not seem to insist upon punishment to any extent upon this application, but claims that the court ought to compensate the complainant for losses and expense that it has been put to by reason of the conduct of the defendant. As far as compensation goes, I think that must be sought in the accounting which will follow this decree, and that the complainant is entitled to nothing more. I do not understand that the office of a proceeding for contempt ordinarily, or in a case of this kind, is to compensate the party complaining for any injury that he has sustained by reason of acts of the defendant which constitute the contempt. If he has a legal right to recover on account of these acts, it must be in some other procedure. I do not think the object of contempt proceedings is to obtain damages from one party for the use of the other. Parties cannot recover damages they have sustained in this summary manner ordinarily. They must be recovered in an ordinary proceeding. If there are any precedents for recoveries of this kind, I am not familiar with them, and none have been cited which convince me that such is the proper proceeding.

Now, the main claim as to injuries results from the circulars which it is alleged the defendant distributed since this decision of the Circuit Court of Appeals. The circulation of these circulars offering to make sales of these structures would be evidence that they were engaged in the business and were making sales, and this, with other evidence, might be proof of the fact of sales being made; but I do not discover anything in the injunction which would make the circulation of circulars a substantive breach of the injunction. It would be evidence of other acts which would be substantive breaches— that is, the fact of the making sales; but circulars alone, if there were no sales made or attempted, would not, I think, be a breach of the injunction. I think this proceeding must be dismissed.

Ordered accordingly.