### HEEKIN et al. v. BAKER et al.

#### (Circuit Court, D. Minnesota. February 12, 1904.)

1. PATENTS—INFRINGEMENT—COFFEE POT.
    The Lewis patent, No. 650,129, for a drip coffee pot consisting of two vessels, one adapted to fit over the other, with a strainer between, the whole to be inverted after the coffee is cooked to permit it to pass through the strainer, which retains the grounds, construed, and *held* not infringed, conceding it to disclose patentable novelty.

In Equity.

Murray & Murray, for complainant.
John E. Stryker, for respondent.

LOCHREN, District Judge (orally). This is a suit in equity, brought by the complainants James Heekin & Co., against Thomas K. Baker and William E. Baker, partners as Baker & Co., charging infringement of letters patent No. 650,129, issued to Charles Lewis for a drip coffee pot. The claim of the patent is for "the combination of a vessel open at one end and closed at the other for receiving ground coffee and hot water while resting upon its closed end, and having a nipple closed by a removable cap near its closed end, a removable strainer to be placed over the open end of said vessel after the coffee and the water have been put into it, and a pouring vessel to fit down snugly over said vessel and strainer before the pot is reinverted," substantially as shown and described. The other claims in the patent, with some verbal variations, are substantially the same. The invention consists of a vessel to receive the ground coffee and the water, in which it can be boiled, covered with a strainer held in place by a pouring vessel which is inverted over it, and slipped upon the upper end of it over the edges of the strainer. After the coffee is cooked, the two vessels thus attached together can be reinverted, and the coffee then passes through the strainer into the pouring vessel, leaving the grounds in the original vessel.

The first question is as to the validity of this patent—whether there is anything new in this combination of old devices that can be called invention and be protected by the patent laws. Similar inventions, with many variations in the devices employed, were in use before the

time of this alleged invention. But it is claimed by the complainants that none of these comprised all the devices or performed all of the functions of this invention. My impression is that this invention was anticipated both by the Neilson patent and by the Russian coffee pot, so far as there are any peculiarities about it that otherwise might be patentable. It certainly would not be a patentable characteristic for the cooking of coffee, that the water and the coffee were mixed in cooking, rather than that the pulverized coffee should be held in a bag or strainer and the water poured over it, without being boiled together; for the reason that the method of making coffee from time immemorial, as long as coffee has been used, has usually been by placing the coffee, ground either coarse or fine, in a vessel with water, to be there boiled or cooked to some extent. Neither was there anything patentable about the idea of straining the coffee and removing the grounds from the liquid after being thus cooked, rather than by adopting one of the various plans in use by cooks to separate the grounds from the fluid by some method of gathering and settling the grounds. Straining all kinds of liquids prepared in cooking is certainly old, whether it has or has not been in use with respect to coffee, and the pouring of it off after it is cooked, as it certainly has been with respect to soups and many other liquids. It would not be the exercise of the inventive faculty to remove from any liquid desired to be used the particles of coarse matter that may be in it, or be brought into it in cooking. The peculiarity of this particular invention consists in the method in which the pouring vessel is joined to the other vessel. This may, from the manner in which the vessels are joined, conserve some useful purpose in the cooking of the coffee by retaining the aroma instead of allowing it to escape. There may be also an element of convenience in having two vessels joined together as these are, so that they can be used as one in pouring the coffee into cups, as well as in separating the grounds from the liquid in the manner in which that is done. The contrivance for admitting the air after the pot is reversed, is certainly old. It seems to me it is equivalent to the tube that is used in the Russian coffee pot for the same purpose; and in some ways it is similar to the tube that was used in the Neilson coffee pot and in other pots before the invention of the complainants. Each alike admits air to take the place of the liquid which is passing out of the vessel. I do not discover that there is anything peculiar that may be regarded as valuable in the invention of the complainants except the union of the two vessels and the holding of the strainer in that union. There may be a convenience about this that will recommend it for use. It is equivalent to the device in the Russian coffee pot, but more simple. The defendants' coffee pot has no pouring vessel. It is simply a vessel for cooking and making coffee over a fire, with a strainer inserted at the top, so that it will hold back the grounds when the coffee is poured out of that vessel into some other vessel, or reversed, as it may perhaps be, over another vessel having an opening of suitable size, when the coffee will run or drain into the latter vessel. I do not see any reason why the coffee might not be poured out into the cups as wanted for use, or into small coffee pots such as are used in restaurants or hotels; but

there is certainly nothing about it which will admit of a pouring vessel being fitted snugly over it, or hold it attached to such pouring vessel while coffee is being poured from the latter into cups. It strikes me that the defendants have not infringed the patent of the complainant, and on the ground of noninfringement I think I must direct that the bill be dismissed.

Ordered accordingly.