## JAMES HEEKIN CO. v. BAKER et al.

### (Circuit Court of Appeals, Eighth Circuit. May 22, 1905.)

### No. 2,050.

1. PATENTS—INVENTION AND INFRINGEMENT—COFFEEPOTS.

The Lewis patent, No. 650,129, for a drip-coffeepot, embodies a combination which, although of old elements, is new, and discloses patentable invention, in that it accomplishes an old result in a more facile, economical, and efficient way; its chief merit being in its simplicity, its cheapness of construction, and ease of operation. While not for a pioneer invention, and therefore not entitled to a liberal interpretation of its claims, it is entitled to a reasonable range of equivalents; and infringement cannot be avoided by a mere colorable modification of some of its elements, not essentially varying its principles or mode of operation. As so construed, *held* infringed by the device of the Baker patents, Nos. 710,132 and 710,133.

2. SAME—INFRINGEMENT—COMBINATION.

Infringement of a patent for a combination is not avoided by omitting one element of the combination, where such element is essential to the successful operation of the alleged infringing device, and it is intended that it or its equivalent shall be supplied by users.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 387.]

Appeal from the Circuit Court of the United States for the District of Minnesota.

For opinion below, see 127 Fed. 828.

Walter F. Murray (George J. Murray, on the brief), for appellant.

John E. Stryker, for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

VAN DEVANTER, Circuit Judge. This is an appeal from a decree dismissing a bill for the infringement of letters patent No. 650,129, for certain new and useful improvements in drip-coffeepots, granted May 22, 1900, to Charles Lewis, assignor of the appellant.

The coffeemaker of the appellees, the manufacture and sale of which is claimed to infringe the letters patent of the appellant, is covered by letters patent Nos. 710,132 and 710,133, granted September 30, 1902, to Thomas K. Baker, assignor of the appellees. The defenses were want of patentable novelty, and noninfringement in the manufacture and sale of appellees' device. The latter defense was sustained in the Circuit Court. Heekin v. Baker (C. C.) 127 Fed. 828.

The appellant's invention consists (1) of a cooking or mixing vessel open at one end, and closed at the other, to receive the ground coffee and water; (2) a strainer, preferably of cloth, to be placed over the open end of the cooking vessel; (3) a pouring vessel to fit over the open end of the cooking vessel, and to hold the strainer in place; and (4) a valve in or near the closed end of the cooking vessel, capable of being closed when the vessel is seated on its closed end, and of being opened for the admission of air when it is inverted; the whole, when so assembled, being capable of being inverted so that the liquid coffee will quickly pass through the strainer from the cooking vessel into the pouring vessel, leaving the grounds in the former. One of the claims of the patent is:

"(3) In a drip-coffeepot, the combination of a vessel for holding ground coffee, open at one and closed at the other end; a nipple in the walls of said vessel, near the closed end; a check valve to close the mouth of said nipple when it is inverted, and to open automatically when it is reinverted; a removable strainer to fit over the open end of said vessel; and a pouring vessel to fit down over said strainer and vessel—substantially as shown and described."

The purpose of the invention, as stated in the application for the letters patent, is:

"My invention relates to improvements in drip-coffeepots. Its object is a pot in which to make French or drip-coffee so that the least amount of the aroma of the coffee is lost by exposure to the air during the process of making, in which the hot water may be kept in contact with the ground coffee just the length of time desired before commencing to drip, and which is so simple of construction that it is cheap to make and easy to clean."

The article manufactured and sold by the appellees consists of (1) a cooking or mixing vessel, open at one end and closed at the other, to receive the ground coffee and water, and having the open end tapering, so as to fit into the top of any ordinary coffeepot; (2) an ordinary lid or cover to be temporarily fitted over the open end of the cooking vessel, so as to exclude the air therefrom during the process of making: (3) a strainer, of cloth or other suitable material, to be placed into the opening in the cooking vessel, and to be firmly and tightly held in place by a skeleton holder; (4) a valve in the closed end of the cooking vessel, capable of being closed when the vessel is seated on its closed end, and of being opened for the admission of air when it is inverted; the whole, when assembled (save the lid or cover, which is to be removed), being capable of being inverted so that the liquid coffee will quickly pass through the strainer from the cooking vessel into the ordinary coffeepot used as a pouring vessel, leaving the grounds in the former.

In the application for the first of the appellees' letters patent, the purpose of the invention is stated as follows:

"My invention relates to improvements in coffeemakers. Its object is the production of a coffeemaker that may be used in conjunction with an ordinary coffeepot or receiver, and which will not clog when the liquid coffee is strained into such receiver. A further object is the production of a simple and cheap coffeemaker, in which the minimum amount of the aroma of the coffee is lost by admitting air during the process of infusion. * * * While the coffee is being infused the vessel stands upon its closed end, after which it is inverted, with the funnel in the top of the coffeepot to be used, and the beverage quickly strains into such pot. * * * The funnel-shaped end of the coffeemaker adapts it for use in connection with any ordinary coffeepot, without regard to the exact size of the opening in its top, and also permits the vessel to stand in the open coffeepot while the process of emptying continues without being held in position."

And as stated in the application for the second of their letters patent, the purpose of the improvement there claimed upon the invention named in the other application is this:

"The object of my invention is the production of a simple and efficient coffeemaker (adjustable to coffeepots of varying styles), in which the strainer may be easily and quickly attached, so as to produce a tight joint between the wall of the open end of the vessel and the strainer."

The first question is that of the patentable novelty of the appellant's coffeepot. None of its elements was new, and it did not produce a new result; but we think the record clearly discloses that the combination, although of old elements, was new, and that it accomplished an old result in a more facile, economical, and efficient way. This gave it patentable novelty. National Hollow Brake Beam Co. v. International Brake Beam Co., 45 C. C. A. 544, 557, 106 Fed. 693. The merits of the device consist in the simplicity and cheapness of its construction, the ease of its operation, its complete and quick separation of the beverage from the coffee grounds after permitting an intimate and uniform contact of the coffee and the water, and its retention of the aroma of the coffee during the process of infusion. But if the questions of novelty and merit were otherwise left in doubt by the evidence, they would have to be resolved in favor of the patent, because of the immediate and general use into which the device is shown to have gone when it was put upon the market. Dowagiac Manufacturing Co. v. Minnesota Moline Plow Co., 55 C. C. A. 86, 89, 118 Fed. 136.

The chief question relates to the claimed infringement by the appellees. As is shown by their letters patent, their device is intended, by its use in conjunction with an ordinary coffeepot, to accomplish the same result as the device of the appellant, and the evidence shows that when so used it does accomplish it. Identity of result is, however, not a sufficient test of infringement. There must also be substantial identity of the means and manner of its accomplishment. The appellant's invention being obviously not a pioneer, but only an improvement upon the prior art; its claims cannot be given a liberal interpretation; but there is yet a right to a reasonable range of equivalents, measured by the character and extent of the improvement, and infringement cannot be avoided by mere color-

able modifications of some of its elements, not essentially varying its principle or mode of operation. National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 45 C. C. A. 544, 562, 106 Fed. 693; Dowagiac Manufacturing Co. v. Minnesota Moline Plow Co., 55 C. C. A. 86, 91, 118 Fed. 136; Standard Caster & Wheel Co. v. Caster Socket Co., 51 C. C. A. 109, 116, 113 Fed. 162.

Careful consideration of the two devices convinces us that the one of the appellees', with the ordinary coffeepot in conjunction with which it is used, is an imitation or reproduction of the one of the appellant. There is in the former a mere colorable modification of some of the elements of the latter, without any modification of its principle or mode of operation. The differences consist in the substitution of the plainest mechanical equivalents. There is almost perfect identity of result, means, and manner of accomplishment. It is true that the appellees' device, as manufactured and sold by them, does not have a pouring vessel—one element of the appellant's device; but the evidence, including the letters patent of the appellees, shows that a pouring vessel is essential to the successful operation of their device, and that in its manufacture and sale they intend that the purchaser shall supply a pouring vessel, in the form of an ordinary coffeepot. That constitutes infringement, because he who makes and sells one or more elements of a patented combination, with the intention and for the purpose of bringing about its or their use in an infringing combination, is guilty of contributory infringement, and is equally liable with him who in fact organizes and uses the complete combination. Wallace v. Holmes, Fed. Cas. No. 17,100; Heaton-Peninsular Button Fastener Co. v. Eureka Specialty Co., 25 C. C. A. 267, 77 Fed. 288; Thomson-Houston Electric Co. v. Ohio Brass Co., 26 C. C. A. 107, 117, 80 Fed. 712; Red Jacket Manufacturing Co. v. Davis, 27 C. C. A. 204, 82 Fed. 432; Loew Filter Co. v. German American Filter Co., 47 C. C. A. 94, 107 Fed. 949.

The decree is reversed, and the cause is remanded to the Circuit Court, with directions to enter a decree in favor of the appellant for an infringement of the third claim of its patent, and for the usual injunction and accounting, and to take such further proceedings as may not be inconsistent with the views here expressed.